UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
THE CITY OF NEW YORK, SCOTT V.
PAULINO, and DRAGONETTI
BROTHERS LANDSCAPING NURSERY
AND TREE CARE, INC.,

                Plaintiffs,                         **MEMORANDUM & ORDER**

      - against -                       13 CV 4693 (RJD) (JO)

WESTERN HERITAGE INSURANCE
COMPANY,

                Defendant.
-------------------------------------------------------- x

DEARIE, District Judge

On August 20, 2013, the City of New York, Dragonetti Brothers Landscaping Nursery

and Tree Care, Inc. ("Dragonetti"), and Scott V. Paulino ("Paolino") commenced the instant

action seeking a declaratory judgment that they are entitled to a defense and indemnity under a

commercial general liability policy insured by Western Heritage Insurance Company ("Western

Heritage"). In a Memorandum and Order dated March 6, 2015 (the "Order"), the Court granted

in part and denied in part the parties' motions for summary judgment. The parties now move for

reconsideration of the Order under Rule 60 of the Federal Rules of Civil Procedure. The motions

are denied.

<u>DISCUSSION</u>

A. <u>The Relevant Legal Standard</u>

As an initial matter, both parties move for reconsideration under an inapplicable rule.

Rule 60 contains two provisions under which a party may move for relief from a judgment or

order. Rule 60(a) provides that a court "may correct a clerical mistake or a mistake arising from

oversight or omission whenever one is found in a judgment, order or other part of the record."

Rule 60(b) provides several reasons for which a court "may relieve a party or its legal representative from a final judgment, order, or proceeding." Neither of these grounds for relief is applicable under the present circumstances.

A motion under Rule 60(a) is available only to clarify a decision to reflect the intent of the judgment of the court, but not to change the substance of the ruling. "To be correctable under Rule 60(a), the [alleged error] in a judgment must fail to reflect the actual intent of the court." Hodge ex rel. Skiff v. Hodge, 269 F.3d 155, 158 (2d Cir. 2001) (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1140 (2d Cir. 1994)). Rule 60(a) cannot be used "to alter the substantive right of the parties." Dudley ex rel Estate of Patton v. Penn–America Ins. Co., 313 F.3d 662, 671 (2d Cir. 2002). Western Heritage makes its motion pursuant to Rule 60(a), but does not direct the Court to any clerical error in the Order. Instead, Western Heritage argues that the Court should have held that a 32-day delay in disclaiming coverage is reasonable as a matter of law. Thus, the motion falls outside the purview of Rule 60(a).

In addition, by its terms, Rule 60(b) only affords relief from final judgments, meaning those judgments that are sufficiently final that they may be appealed. See Transaero, Inc. v. La Fuerza Aerea Boliviana, 99 F.3d 538, 541 (2d Cir. 1996) ("By its own terms, Rule 60(b) applies only to judgments that are final."). Rule 60(b) does not apply to an "[o]rder denying in part and granting in part [a party's] motion for summary judgment, which is non-final, interlocutory, and non-appealable." Williams v. Cnty. of Nassau, 779 F. Supp. 2d 276, 280 n.2 (E.D.N.Y. 2011), aff'd, 581 F. App'x 56 (2d Cir. 2014); see also United States v. 228 Acres of Land & Dwelling, 916 F.2d 808, 811 (2d Cir. 1990) (citation omitted) ("An order that denies summary judgment or grants partial summary judgment cannot by itself be the basis for an appeal, since it is nonfinal."). Therefore, the parties' motions are also outside the scope of Rule 60(b).

While the parties move for reconsideration under the wrong rule, their requests would be procedurally proper under Local Rule 6.3, which allows a party to move for reconsideration of a court order in view of "matters or controlling decisions which counsel believes the court has overlooked." "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Hinds County, Miss. v. Wachovia Bank N.A., 708 F. Supp. 2d 348, 369 (S.D.N.Y.2010) (citation and internal quotation marks omitted). However, "[t]he moving party . . . may not repeat 'arguments already briefed, considered and decided.'" Thieriot v. Jaspan Schlesinger Hoffman, LLP, No. 07-CV-5315 (DRH), 2015 WL 507223, at *1 (E.D.N.Y. Feb. 6, 2015) (quoting Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)). Therefore, a motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000).

B.  Western Heritage's Motion for Reconsideration

In arguing for reconsideration, Western Heritage claims that since the Order found that a 32-day delay in disclaiming coverage was *not unreasonable* as a matter of law, the time it took to issue a disclaimer was *reasonable*. Two negatives do not always create a positive. Under New York Insurance Law § 3420(d), a "delay in disclaiming [can be] not unreasonable as a matter of law" and "by the same token, not . . . considered reasonable as a matter of law," as "there is an

issue of fact in this respect." <u>Murphy v. Hanover Ins. Co.</u>, 239 A.D.2d 323, 325, 657 N.Y.S.2d 740, 742 (2d Dep't 1997). Here, while the Court held that on the present factual record a 32-day delay *is not unreasonable* as a matter of law, for the same reasons this Court cannot conclude that a 32-day delay *is reasonable* as a matter of law. Simply, there are disputes of material facts. Those include whether it was readily apparent to Western Heritage that there was a basis for denying coverage, and whether Western Heritage needed to investigate the claim. As the Order states, these are all questions for the jury. As Western Heritage has failed to identify a basis for this Court to depart from its prior decision, its motion is denied.

    C.  <u>Plaintiffs' Motion for Reconsideration</u>

    Plaintiffs have also failed to satisfy the strict standard for reconsideration under Local Rule 6.3. In fact, plaintiffs do not even attempt to anchor their arguments to the legal standard for reconsideration (of which they make no mention in their brief). They fail to point to any intervening change in controlling law, any new evidence, or any other basis that justifies relief. Instead, their motion raises substantially the same arguments they originally presented in opposition to Western Heritage's motion for summary judgment and in their own summary judgment motion.

    *First*, plaintiffs argue that the Court erred by *not* holding that a 32-day delay in disclaiming coverage is unreasonable as a matter of law. "Normally the question whether a notice of disclaimer . . . has been sent 'as soon as is reasonably possible' is a question of fact which depends on all the facts and circumstances, especially the length of and the reason for the delay." <u>Hartford Ins. Co. v. Nassau Cnty.</u>, 46 N.Y.2d 1028, 1030, 389 N.E.2d 1061, 1062-63 (1979); <u>U.S. Underwriters Ins. Co. v. City Club Hotel, LLC</u>, 369 F.3d 102, 107 (2d Cir. 2004) (quoting <u>Hartford Ins. Co.</u> approvingly). Thus, "[t]he reasonableness of any delay . . . generally

4

is a question of fact for a jury to resolve." <u>State Farm Mut. Auto. Ins. Co. v. Clift</u>, 249 A.D.2d 800, 801, 671 N.Y.S.2d 843, 844 (3d Dep't 1998). The Order identifies a number of disputed material facts, including disputes about the length of and reasons for Western Heritage's delay in disclaiming coverage. <u>See</u> Order at 6. Plaintiffs gloss over these disputed facts and argue that it should have been readily apparent to Western Heritage that plaintiffs' claim was excluded by the policy. This very argument was presented at length by plaintiffs previously. In fact, large portions of plaintiffs' motion for reconsideration are lifted verbatim from plaintiffs' prior briefing. <u>Compare</u> ECF No. 28 at 15-16 <u>with</u> ECF No. 48 at 6-7. The Court previously found that there is a material dispute as to whether a basis for disclaiming coverage was readily apparent, and the Court sees no reason to depart from its prior holding now.

*Second*, plaintiffs argue that the Court erred in holding that Western Heritage was not required to provide Paolino with separate notice of its denial of coverage since he is united in interest with Dragonetti. Plaintiffs' arguments are not persuasive. Paolino did not provide his own notice of claim to Western Heritage, and therefore generally would be denied coverage on that basis. Nonetheless, the Court held that Paolino was not required to provide separate notice because he is "united in interest" with Dragonetti: there is no adversity between them, they have the same attorney, Dragonetti is vicariously liable for the torts of Paolino, and their interests stand or fall together. Plaintiffs try to take advantage of this unity of interest for the provision of notice, while denying the defense the benefit of this unity for the disclaimer, arguing that since Western Heritage did not send a separate disclaimer to Paolino, it is estopped from denying him coverage. The Court cannot see how such a result is equitable and comports with the purpose of section 3420(d).

Section 3420(d) is not intended to be a "technical trap." Tower Ins. Co. of New York v. United Founders Ltd., No. 14455, 2015 WL 1013816, at *1 (1st Dep't Mar. 10, 2015) (quoting Excelsior Ins. Co. v. Antretter Contracting Corp., 262 A.D.2d 124, 127, 693 N.Y.S.2d 100, 104 (1st Dep't 1999)). The New York Court of Appeals has cautioned that section 3420(d) should not be construed in such a way that it will "produce inequality, injustice or absurdity." Zappone v. Home Ins. Co., 55 N.Y.2d 131, 137, 432 N.E.2d 783, 786 (1982). In Excelsior Ins. Co., the First Department considered whether an insurer's "noncompliance with the literal terms of § 3420(d) was severe enough that it should be required to pay $1 million on a claim otherwise not covered by the policy—particularly where the real parties in interest who [would] receive that payment . . . *did* receive a proper notice of disclaimer under § 3420(d)." 262 A.D.2d at 127, 693 N.Y.S.2d at 104 (emphasis in original). Applying the principle articulated in Zappone, the court determined that since the claimant's liability carriers were "the real parties in interest" and were the claimant's "agent for all purposes," the insurer's "[f]ailure to serve a formal notice [the claimant did] not render ineffective the denial of coverage where, under the circumstances, the party who received the notice was expected to forward it to the nominal party and had undertaken to protect the nominal party's rights." Id. at 128 (citing Losi by Losi v. Hanover Ins. Co., 139 A.D.2d 702, 703, 527 N.Y.S.2d 458, 459 (2d Dep't 1988)).

This Court held, citing Zappone and Excelsior Ins. Co., that Western Heritage's failure to serve formal notice on Paolino does not violate section 3420(d) in this case. The Court held that Paolino and Dragonetti were united in interest (and therefore Paolino did not have to send separate notice) because (1) Dragonetti is vicariously liable for the torts of Paolino, (2) they have the same interests in the outcome of the litigation, (3) there is no adversity between them, and (4) they are represented by the same counsel. Based on those same facts, the Court concluded

that Dragonetti was the real party in interest and effectively Paolino's agent for all purposes, and therefore Western Heritage's failure to serve a formal disclaimer on Paolino did not render the denial of coverage ineffective. Notably, this is not to say that insurers can escape the requirement of sending a separate disclaimer to each insured whenever the insureds are united in interest. Rather, the Court's decision also rests on equitable principles of reciprocity: if Paolino is not required to provide separate notice to Western Heritage because he is united in interest with Dragonetti, Western Heritage should not be required to send a separate disclaimer to Paolino.

Plaintiffs argue that Excelsior Ins. Co. has been distinguished and criticized by the New York Court of Appeals in Sierra v. 4401 Sunset Park, LLC, 24 N.Y.3d 514, 519 (2014). If anything, Sierra confirms the conclusion reached in the Order. In Sierra, the court held that notice to an additional insured's liability carrier cannot serve as notice to the additional insured under section 3420(d). In so holding, the court distinguished Excelsior on the grounds that the additional insured's liability carrier "interests were not necessarily the same as its insureds'" and "the insured had their own interests at stake, separate from that of [the carrier]." Id. at 518. Moreover, the additional insured's liability carrier was not its "agent for all purposes, or for the specific purpose that is relevant here: receipt of a notice of disclaimer," and the additional insured was therefore "entitled to notice delivered . . . at least to an agent . . . who owed a duty of loyalty in this matter to them only." Id. But here, as already noted, Dragonetti and Paolino's interests are *necessarily* the same. If they were not, then they would not be united in interest (and Dragonetti's notice on behalf of Paolino would be ineffective). Sierra left open the possibility that "notice to an agent . . . who owed a duty of loyalty," and did not have adverse

interests, could be effective. The Order is consistent with that holding.[1]  Additionally, none of the other cases cited by plaintiffs hold that an additional insured that did not send separate notice of claim is nonetheless entitled to coverage because his insurer did not send him a separate denial of coverage. Reconsideration on this ground is therefore unwarranted.

*Lastly*, plaintiffs argue that the Order should be modified to hold that Western Heritage failed to satisfy the specificity requirements of section 3420(d). A large majority of plaintiffs' brief is taken verbatim from plaintiffs' motion for summary judgment and reply brief in support of their motion. Compare ECF Nos. 28 at 17-19 and 33 at 4-5 with ECF No. 48 at 14-17. The Court considered plaintiffs' arguments and read plaintiffs' cited cases previously. Regurgitating this section of plaintiffs' summary judgment brief into a new motion will not change the outcome of this issue. Western Heritage's disclaimer to the City provides the basis for excluding coverage (the "policy excludes accidents involving motor vehicles"), indicates that coverage has been declined to the named insured, and states that coverage is being denied to the City ("We . . . reject your tender of defense in this case."). As this Court held previously, the disclaimer complies with the requirements of section 3420(d).

For the reasons stated above, the parties' motions are denied.

SO ORDERED.


Dated: Brooklyn, New York
          April 20, 2015

                                                    /s/ Judge Raymond J. Dearie
                                                    _____
                                                    RAYMOND J. DEARIE
                                                    United States District Judge

---

[1] Additionally, Sierra rejected Excelsior to the extent it stands "for the general proposition that notice to an additional insured's liability carrier serves as notice to the additional insured under section 3420(d)(2)." Sierra, 24 N.Y.3d at 519. The Order did not rely on Excelsior for such a proposition, and therefore that dictum is plainly inapplicable here.